IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION

| | |
|---|---|
| In re:<br><br>CONSTANTINOS NIKOLOS<br>SOPHIE NIKOLOS | Case No. 24-11122 (AMC)<br><br>Chapter 13<br><br>**OBJECTION TO CONFIRMATION** |

Hyundai Capital America d/b/a Kia Motors Finance ("Kia"), a secured creditor of the Debtors, objects to the Debtors' Plan for the following reasons:

A. The Debtors are not entitled to cramdown the **2021 Kia Telluride** because the vehicle has equity in it. As of the time of filing (April 2024) the Debtors's account had a net loan balance of $26,820.59. As per the April 2024 NADA Official Used Car Guide the vehicle has a current fair market value of $33,200.00 (see attached NADA Value Sheet). The vehicle is worth more than what is owed and therefore the vehicle has equity and cannot be crammed down. The Debtors must pay the net loan balance at the time of filing of $26,820.59 plus interest at a rate sufficient to protect Kia from risk of loss.

B. The Debtors' proposed interest rate of 5% is too low. Kia is entitled to be paid the prime rate of interest plus an increase for risk of loss. In Re Till. The prime interest rate at the time of the Debtors' filing was 8.5%. Kia objects to the Debtors' Plan unless the Debtors pay an interest rate of 10.5% on the $26,820.59 over the life of the Plan in order to adequately protect Kia for any risk of loss.

C. The Plan as proposed also violates §1326(a)(1) since it does not provide for payment to Kia of adequate protection payments. Adequate protection payments should be made to Kia beginning in May of 2024 at $268.00 per month, being 1.0% of the net loan balance. Payments should be made within 30 days of filing and should continue up to and after confirmation, until regular payments are to be commenced through the Plan to Kia. Adequate protection payments to Kia should be given super priority administrative expense status and in all events must be paid prior to payment of any counsel fees to Debtors' attorney.

D. The vehicle must be insured with comprehensive and collision insurance coverage and liability coverage in accordance with the requirements contained in the contract. Kia Motors Finance must be listed as loss payee or additional insured. **The Debtors must provide Kia with proof that the vehicle is insured in accordance with §1326(a)(4) and this portion of the objection to confirmation should be considered a demand that the Debtors provide proof of insurance**.

E. Kia must retain its lien on the vehicle until such time that the Debtors complete their Chapter 13 Plan *and* receive a discharge.

                                        /s/ William E. Craig
                                        William E. Craig, attorney for
                                        Hyundai Capital America
                                        d/b/a Kia Motors Finance

Dated: 4/19/24