IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION

| | |
|---|---|
| In re: CONSTANTINOS NIKOLOS )<br>SOPHIE NIKOLOS )<br>**Debtor(s)** ) | CHAPTER 13 |
| ) | |
| HYUNDAI CAPITAL AMERICA )<br>d/b/a KIA MOTORS FINANCE )<br>**Moving Party** ) | Case No.: 24-11122 (AMC) |
| ) | |
| v. ) | |
| ) | |
| CONSTANTINOS NIKOLOS )<br>SOPHIE NIKOLOS )<br>**Respondent(s)** ) | |
| ) | |
| SCOTT F. WATERMAN )<br>**Trustee** ) | |

**STIPULATION OF SETTLEMENT OF OBJECTION TO CONFIRMATION**

     This matter having been brought before the Court on an Objection To Confirmation filed by William E. Craig, Esquire, attorney for Hyundai Capital America d/b/a Kia Motors Finance ("Kia"), and the Debtors through their counsel, Lawrence S. Rubin, Esquire and the parties having resolved said Objection as hereinafter set forth and by the agreement of all counsel the parties hereby stipulate;

    **IT IS STIPULATED:**

1. That Hyundai is the holder of a first purchase money security interest encumbering a 2021 Kia Telluride bearing vehicle identification number 5XYP3DHC7MG133186.

2. That the Debtors agree to pay Kia the replacement value of the vehicle of $26,850.59 (the net loan balance) plus interest at the rate of 9.5% through their Chapter 13 Plan.

3. That the Debtors agree to allow the Chapter 13 Trustee to make a lump sum adequate protection payment to Kia in the amount of $1,000.00 through October 2024, and thereafter, each month, commencing November 2024, make monthly adequate protection payments to Kia in the amount of $200.00 up to and after confirmation and normal distributions begin to be paid to Kia. Thereafter, the Trustee shall make the payments to Kia as provided for by the confirmed plan. The

<u>Debtors shall receive a credit for all adequate protection payments made against the total amount to be received by Kia through the plan</u>.

4. That Kia shall retain its lien on the vehicle until the earlier of payment of the underlying debt under non-bankruptcy law or the Debtors receiving a discharge.

5. That if the Debtors' Chapter 13 case dismisses or converts this Stipulation shall be vacated and the Debtors shall owe Kia the full amount of the existing contractual loan balance **less** any payments Kia receives under this agreement.

6. That the parties agree that a facsimile signature shall be considered an original signature.

We hereby agree to the form and entry of this Order:

/s/ Lawrence S. Rubin
Lawrence S. Rubin, Esquire
Attorney for the Debtors

/s/ William E. Craig
William E. Craig, Esquire
Attorney for Hyundai Capital America
d/b/a Kia Motors Finance

/s/ Ann E. Swartz
Ann E. Swartz
For Scott F. Waterman
Chapter 13 Trustee